Gilman v. Sheets.

## GILMAN v. SHEETS.

1.  **Abbreviations :** USE OF IN COMMISSION TO TAKE DEPOSITIONS. A commission to take depositions was addressed : " To any notary public in and for Dauphin Co., Pa." *Held* that the use of the abbreviations did not render the designation of the notary insufficient, since it is a matter of common knowledge that "Co." and " Pa.," as used in the commission, mean, respectively, " county " and " Pennsylvania."

2.  **Husband and Wife :** EVIDENCE OF MARRIAGE. Where there is no contradictory testimony, a marriage is sufficiently proved by the marriage certificate and the testimony of two neighbors who had personal knowledge of the facts, and who testified to the fact of the parties living together and having children born to them.

3.  ————: PRESUMPTION OF DIVORCE. A divorce will not be presumed unless there be something based on the acts and conduct of both parties inconsistent with the continuance of the marriage relation. Accordingly, in this case, *held* that no presumption could arise as against the wife from the subsequent marriages of the husband alone. (*Ellis v. Ellis*, 58 Iowa, 720, *followed*, and *Blanchard v. Lambert*, 43 Iowa, 229, *distinguished*.)

4.  **Real Estate :** IDENTITY OF GRANTOR AND PRIOR GRANTEE : PRESUMPTION. Where it was shown that plaintiff's husband conveyed the land in question by his proper name, and that a person of that name previously acquired the title thereto, it will be presumed that they were the same person.

5.  **Dower :** DECREE FOR IN MORTGAGE FORECLOSURE : FORM OF : CLERICAL ERROR. In an action to foreclose a mortgage on a quarter section of land, defendant claimed dower in the east half of it, and her claim was allowed in the decree, but the evidence showed that her husband had owned the west half only. But, since the decree provided for the sale of the whole tract, and for the reservation out of the proceeds of the value of defendant's

| | |
|---|---|
| 78 | 499 |
| 85 | 282 |
| 78 | 499 |
| 190 | 286 |
| 78 | 499 |
| d95 | 617 |
| 78 | 499 |
| 108 | 9 |
| 78 | 499 |
| 116 | 338 |
| 78 | 499 |
| 121 | 100 |
| 78 | 499 |
| 129 | 549 |
| 129 | 550 |
| 129 | 718 |
| 130 | 244 |
| 130 | 247 |
| 130 | 248 |
| 78 | 499 |
| 138 | 95 |
| 138 | 100 |

dower interest, which was not affected by the mistake,—the east and west halves being of equal value,—*held* that the error was not a ground for reversal on plaintiff's appeal. Also, that there was no ground for rendering judgment against plaintiff and in favor of defendant for the value of the dower interest, but only for costs. For the correction of these errors the decree is modified, but affirmed.

*Appeal from Franklin District Court.*—HON. JOHN L. STEVENS, Judge.

FILED, OCTOBER 16, 1889.

ACTION to recover the amount due on two promissory notes, and to foreclose a mortgage given to secure their payment. Sarah K. Sheets claims a dower interest in a part of the mortgaged premises, and a decree was rendered in her favor. From that decree plaintiff appeals.

*Taylor & Evans*, for appellant.

*D. W. Henley*, for appellee.

ROBINSON, J.—The mortgage involved in this action was executed by Susan Parriott on the northeast quarter of section 22, township 91, range 21, in Franklin county, to secure the payment of two notes, amounting to fifteen hundred dollars, exclusive of interest. The mortgagor was made a party defendant, and a decree was rendered against her and in favor of plaintiff on the twenty-sixth day of May, 1887. Sarah K. Sheets claims a dower interest in a part of the mortgaged premises as the widow of John W. Sheets, deceased. The cause was tried as to her claim, and a decree rendered in her favor on the seventh day of September, 1888, and from that decree the appeal is taken.

I. A motion, filed by appellant, to suppress certain depositions taken on behalf of appellee, was overruled.

1. ABBREVIA-TIONS: use of in commission to take depositions.

The depositions were taken pursuant to a commission addressed: "To any notary public within and for Dauphin Co., Pa." It is insisted by appellant that the designation of the

notary is insufficient, for the reason that the names of the county and state in which he is authorized to act are not stated. But it is a matter of common knowledge that "Co." is used as an abbreviation of "county" and "Pa." as an abbreviation of "Pennsylvania," and proof of such facts was not required. See 1 Amer. & Eng. Cyclop. Law, 15, Tit. "Abbreviations." The abbreviations were so used in the commission that they could have had no other meanings than those named; hence there was no ambiguity, and no sufficient ground for the objection of appellant. No other question raised by the motion to suppress the deposition having been discussed by counsel, no other will be considered by us.

II. Appellee claims that she was married to John W. Sheets in Dauphin county, Pennsylvania, on the **2. HUSBAND and wife: evidence of marriage.** twelfth day of March, 1857; that they lived together as husband and wife for two years, when he deserted her; and that they had two children, one of which was born about a year before their marriage. Sheets never lived with appellee after his alleged desertion, although he visited her once about six years after that time, and visited relatives in the county in which she resided several times after he left her. In March, 1868, he married Miss Maggie Moses in Illinois, and lived with her several years. They were reputed to be husband and wife, and had two children. That marriage was contracted on the part of Miss Moses in good faith, and with the belief that it was valid. In 1874 she obtained a divorce from Sheets on the ground of inhuman treatment. In October, 1882, he married Harriet Kibbe in Franklin county, and lived with her until his death, in October, 1883. On the eighteenth day of August, 1869, Sheets acquired title to the west half of the quarter section upon which plaintiff's mortgage was given, and, on the thirteenth day of the next December, he conveyed it to a grantor in the chain of title through which plaintiff claims. It is not claimed that appellee joined in that conveyance, nor in any other which had the effect to relinquish her interest in the mortgaged premises. It is contended, however, that her alleged

marriage is not established by the evidence. If so much of her evidence as is incompetent under the statute be disregarded, the evidence remaining is sufficient to show that she was married as claimed. Two of her neighbors, who had personal knowledge of the facts, testify to her marriage, and to her living with Sheets, and having children by him, and the certificate of marriage was also introduced in evidence. This testimony is not contradicted.

III.    It is claimed that, even if the marriage was contracted as alleged, yet, under the facts of the case, a divorce will be presumed under the rule announced in *Blanchard v. Lambert*, 43 Iowa, 229. We do not think this case is within that rule. In that case each party to the first marriage claimed to have contracted a subsequent marriage, and it was held that it would be presumed that the relations created by the first marriage had been dissolved by divorce. It was said in *Ellis v. Ellis*, 58 Iowa, 720,—a case similar to this,—that "there must be something based on the acts and conduct of both parties inconsistent with the continuance of the marriage relation, before the presumption should be indulged" that a divorce had been granted. Nothing of that kind on the part of the appellee is shown in this case.

*3. ——: presumption of divorce.*

IV.    It is said that the evidence fails to show that John W. Sheets was ever the owner of any portion of the mortgaged premises. It is shown that a person of that name acquired title to the west half of the mortgaged quarter section, and that the husband of appellee conveyed the same land to another by warranty deed. In the absence of any attempt to show that there were two persons bearing the same name, we think the showing of identity is *prima-facie* sufficient. *Hatcher v. Rocheleau*, 18 N. Y. 87; *Gitt v. Watson*, 18 Mo. 276; Abb. Tr. Ev. 56. The presumption of identity is strengthened by the fact that the husband of appellee resided in Franklin county, where the land was situated, when he conveyed it.

*4. REAL estate: identity of grantor and prior grantee: presumption.*

Gilman v. Sheets.

V. Appellee alleges in her answer that she is entitled to dower in the east half of the mortgaged premises, and the decree of the district court recognizes that to be the case; but the proof shows that her late husband only owned the west half. Appellant insists that this is a fatal variance; but we think the variance was little more than a clerical error. The petition alleges that appellee claims an interest in the mort-gaged premises. The answer avers that the interest so claimed is a dower interest. The chief controversy in the court below was in regard to the existence of the marriage relation between herself and John W. Sheets at the time of his death, and her right of dower in the mortgaged land; not her interest in one-half of it rather than in the other. The evidence shows that her right attached to the west half. It is agreed by the parties to this appeal that the value of the land in controversy during the year 1884 was fifteen dollars per acre. The decree against Susan Parriott provides for the sale of all the mortgaged premises, and orders "that as to the sum of four hundred dollars of the above judgment against the defendant Susan Parriott, which it is agreed by Sarah K. Sheets, defendant, is the maximum amount of her interest, execution is stayed without bond until the further order of the court in the premises, and subject to the orders of this court." No one complains of that decree. It had the effect to hold four hundred dollars of the proceeds of the sale of the mortgaged premises subject to the further orders of the court. The appellee, in the prayer of her answer, which is in the nature of a cross-petition, asks that her dower interest be decreed paramount to the lien of plaintiff's mortgage, and that an order be made to turn over to her the value of her dower interest, to-wit, the sum of four hundred dollars. That the sum named was the value of her interest is shown by the stipulation as to value. The decree from which this appeal is taken fixed the value of appellee's right at that sum, and ordered its payment to the clerk of the court for the use of appellee, together with costs.

*5. DOWER: decree for in mortgage foreclosure: form of: clerical error.*

The decree further provides that appellee should have judgment against appellant for said sum, with costs. We discover nothing in the record to justify a judgment against appellant for the value of the dower interest of appellee. She is entitled to have her claim enforced against the proceeds of the sale of the west half of the mortgaged premises, and is entitled to judgment against appellant for costs. The decree of the district court is

MODIFIED AND AFFIRMED.