DEXTER W. REID *vs.* CHARLES H. WRIGHT.
CHARLES H. WRIGHT *vs.* DEXTER W. REID.

Suffolk.    March 13, 1902. — May 19, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Costs*, Taxation.    *Witness.*

When a case is in order for trial with a prospect that it will be reached speedily, and a person who may be wanted as a witness actually attends at a place in close proximity to the court house, with the purpose and expectation of going thence if necessary to the court house to be present at the trial of the case as a witness, and is then suffered to depart for the rest of the day, he fairly may be said to have attended as a witness on that day, and a witness fee for his attendance may be taxed.

MORTON, J.    These two cases were argued together. The question relates in each case to the taxation of fees for two witnesses in favor of Reid who was the prevailing party in both

cases.   The fees were taxed by the clerk and Wright appealed
and the taxation was affirmed by the judge.   The cases are here
on exceptions by Wright to the refusal of the judge to rule as
requested that the " witnesses were only entitled to fees for
attendance when they were actually in court or for which they
had been paid; the witness Charles to four days, the witness
Holmes for three days."   Charles and Holmes were the two
witnesses whose fees were objected to.

It appeared that the cases were on the short list a greater
number of days than were certified to by the witnesses.   Charles
was in actual attendance in the court room four days in answer
to summonses.   On the other days certified to by him he went
to Reid's office on Court Street and ascertained from Reid or
Reid's stenographer that he would not be wanted and went
about his business without going to the court.   To go to Reid's
office he had to leave his business and go some distance away
from it but he attended to his business afterward.   He was paid
$7 in cash in each case on a separate summons and had Reid's
promise to pay him for the rest of the time at the same rate.
" Holmes actually attended court on summonses four days and
remained in the corridors four days, and one day went to Reid's
office and was excused by him."   There is nothing to show
that there was any oppression or reckless expense or that in
procuring the attendance of the witnesses Reid did not act in
good faith.   The objection is, in substance, that the witnesses
did not attend unless they were actually in court during the
number of days certified to.

In considering what shall constitute attendance by a witness
the fact that persons who are or may be wanted as witnesses
generally are engaged in business or occupations of their own
should be taken into account and reasonable regard paid to it.
If the witness Charles had gone to the court room and had then
been excused for the rest of the day by Reid or by Reid's
direction we cannot doubt that that would have constituted
attendance as a witness on his part for that day.   It is immate-
rial it seems to us that instead of going to the court room he
went to Reid's office in close proximity to the court house.
There is no statute that requires that a witness should attend
all day in order to be entitled to his fee.   Any attendance is a

day's attendance. There is no such thing as a fraction of a day in the attendance of a witness. And we think that when a case is in order for trial with a prospect that it will be reached speedily and a person who may be wanted as a witness actually attends at a place in close proximity to the court house with the purpose and expectation of going thence if necessary to the court room to be present at the trial of the case as a witness, that he fairly and reasonably may be said to attend as a witness in the case, and that it is immaterial that, after having so attended, he is suffered to depart for the rest of that day. These were or might have been found by the presiding justice to be the facts here. See *Miller* v. *Lyon*, 6 Allen, 514.

*Exceptions overruled.*

*C. J. Noyes,* for Wright.
*J. Bennett,* for Reid.