ANDERSON DUREE, Appellant, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

Personal Injury: SPARKS FROM AN ENGINE: NEGLIGENCE. The
1   emission of particles of coal from a railway engine, not of
    unusual size or quantity, will not of itself warrant the infer-
    ence of negligence either from improper management of the
    engine or lack of equipment.

Same: ASSUMPTION OF RISK. A section hand assumes the risk in-
2   cident to escaping cinders from the ordinary operation of a
    passing engine.

Evidence: EXCLUSION OF: EXPERT TESTIMONY. Where a witness
3   is permitted to answer a question which was formerly excluded,
    no prejudice arises from the former ruling. Expert testimony
    is to be confined to the facts as developed on the trial.

Taxation of Costs: WITNESS FEES. · Where material witnesses ap-
4   pear at the trial, without subpoena, whose evidence is not
    taken for the reason that the case was taken fom the jury, an
    allowance of fees for attendance was proper.

*Appeal from Keokuk District Court.*—Hon. John T. Scott,
Judge.

Saturday, December 20, 1902.

Action for damages. The plaintiff appealed from
judgment for the defendant. Subsequently the defendant
appealed from a ruling on a motion to retax costs.—
*Affirmed.*

*Brown & Brown* for appellant.

*C. H. Mackey* and *J. C. Cook* for appellee.

Ladd, C. J.—The plaintiff, while working as a section
hand on defendant's line of road, Saturday, October 28,
1899, stepped aside to allow a freight train to pass. It
was moving up grade, to the southwest. He stood to the
southeast, about twelve feet from the track, looking in the
same direction, and the wind was blowing from the north-
west. When the engine had passed about one hundred
feet, something struck him in the eye, causing a burning
sensation and pain. One Frederickson shortly after re-
moved two substances. "The first seemed to be a wooden,
fibrous matter, and the other a small coal cinder, * *
* about the size of an ordinary pin head." Later in the
day the eye was examined by a physician, who took out a
similar particle. On Monday following, a specialist
removed a particle of coal, or like substance, "as large as
the head of an ordinary brass pin," which was deeply
imbedded in the cornea. The outcome of it was the loss
of sight in that eye.

Upon proof of these facts, the jury, by direction of
the court, returned a verdict for the defendant. Exception
is taken to this ruling, but we think it correct. Though
much to be regretted, human ingenuity has
not yet been able to produce a devise or ap-
paratus wholly adequate to prevent the

1. Sparks
from an en-
gine: negli-
gence.

emission of sparks and cinders from a locomotive engine when moving a train of cars at the customary rate of speed. The necessity of a draft of air to keep up the fire is such as to render it impractical to reduce the openings in the spark arrester to a size so small as to prevent the escape of particles. This is generally understood, and possibly courts should take judicial notice of the fact, as a matter of common knowledge. *Menomonie River Sash & Door Co. v. Milwaukee & N. R. Co.* (Wis.) 65 N. W. Rep. 176. At any rate, the emission of particles of coal or sparks, not unusual in size or quantity, will not, alone, warrant the inference of negligence, either in the improper management of the engine, or its lack of equipment with appliances of approved efficiency. *Savannah, F. & W. R. Co. v. Tedman* (Fla.) 22 South. Rep. 658; *Gandy v. Railroad Co.*, 30 Iowa, 420; *McCummons v. Railway Co.*, 33 Iowa, 187; *Garrett v. Railway Co.*, 36 Iowa, 121.

If it could be said that the injury to plaintiff's eye "was occasioned by fire set out or caused by operation of such railway,"—which hardly seems possible,—such injury is not within the purview of the section of the statute casting the burden of proof in such cases on the defendant. Section 2056, Code. The damages there contemplated are those "sustained by any person on account of loss or injury to his property." The words quoted were inserted in that portion of section 1289 of the Code of 1873 relating to damages occasioned by fire set out or caused by the operation of a railway, and, thus changed, enacted as section 2056 of the Code. The modification was evidently made to meet the decision in *Liming v. Railroad Co.*, 81 Iowa, 246, awarding damages occasioned by injuries to the person. No evidence of any defect in the construction or operation of the engine was introduced, or that smoke or cinders and sparks of unusual size or quantity were being thrown out. The specks taken from the eye did not

appear to be larger than a pin head, and it cannot be inferred that, because of emitting them, the defendant was negligent. See, *Weidmar v. Railroad Co.*, 114 N. Y. 462 (21 N. E. Rep. 1041); *Searles v. Railway Co.*, 101 N. Y. 661 (5 N. E. Rep. 66). The hazards incident to the ordinary perils of his employment were assumed by the plaintiff. He must necessarily step aside from his work on the track in order that trains may pass. Sparks and cinders were likely to be thrown out of the engine at any time when in operation. This he was bound to know, and, if injured thereby without negligence on the part of defendant, he cannot recover.

2. SAME: assumption of risk.

II. Appellant, when on the witness stand, was asked whether he noticed that there was a great amount of smoke coming from the engine. An objection was sustained. As he stated afterwards that he did not know, the ruling was without prejudice. Again, objection was sustained to the question "whether it apparently came from the engine, or in the direction from the engine." To what "it" referred, is not disclosed in the record. Assuming that smoke, wind, or the cinder was the antecedent, the ruling, in view of what has already been said, could not have affected the conclusion. The court refused to allow the specialist to say whether he could have told, had the cinder been larger, if it was hot when it struck the eye. Such evidence would have been entirely irrelevant. Expert opinion is necessarily confined to the facts as developed on the trial. As the physician said that he could not tell in this particular case, there was no error in not allowing him to answer subsequently whether he could tell with the facts as they in fact were.

3. EVIDENCE: exclusion of: expert testimony.

III. Six persons attended court at defendant's request for the purpose of giving their testimony when called. Fees for attendance and mileage in their behalf were taxed as part of the costs by the clerk. Upon

discovery that they had not been subpoenaed, the plaint-

**4. TAXATION of costs: witness fees.** iff, as they had not been used, moved a retaxation, eliminating any allowance to them. In resistance, the defendant made a conclusive showing that, had not the case been taken from the jury, these persons would have been used as witnesses, and given testimony material to the issues, and that they were in attendance for this purpose only. No showing was made of the distance traveled by each. The court held that 'fees for attendance had been properly taxed, but that mileage should not have been allowed. From this ruling the defendant appealed. It was clearly correct. As they had not been summoned in the usual way, and the record failed to show that they had been called as witnesses, the burden was upon the defendant to vindicate the propriety of taxing the costs. This it entirely omitted in the matter of mileage. But the showing was sufficient as to attendance. The service of a subpoena is in the interest of the party desiring the attendance of the witness, and not of his opponent. If he will attend voluntarily, such service would be superfluous and of benefit to neither party. The omission to swell the costs with the additional expense in officer's fees and mileage for issuing and serving subpoenas furnishes no ground of complaint by the other side. . It is rather a favor, in the way of eliminating unnecessary expenses. *Christensen, v. Union Trunk Line* ·(Wash.) 32 Pac. Rep. 1018; *Farmer ' v. Storer*, 11 Pick. 241; *U. S. v. Sanborn*, 28 Fed. 299; *Crawford v. Abraham*, 2 Or. 166. The plaintiff relies on *Fisher v. Railroad Co.*, 104 Iowa, 588. But in that case no showing whatever was made. So far as appeared, the persons whose fees were involved may have no knowledge or connection with the case whatever. See *Briggs v. Rumely*, 96 Iowa, 202.—AFFIRMED.