SUSANNA CASLEY v. B. F. MITCHELL, Appellant.

Marriage: PROOF OF. The fact of marriage may be established by 1 any kind of competent evidence.

Same. A parish register of England containing a record of mar- 2 riages required by law to be kept is competent evidence of a marriage recorded therein by one in authority in the usual course of business.

Presumption of Divorce. Plaintiff married deceased in England 3 in 1863 and shortly afterward he deserted her and married another, finally coming to America, where he acquired property under an assumed name. Plaintiff had no knowledge of the second marriage or of any divorcement. *Held*, in an action for dower that there was no presumption of divorce arising from the acts and conduct of the parties.

Same. The fact that the husband deserts his wife and afterwards 4 lives far away from her, marrying another under an assumed name, will overcome any presumption of divorce which may arise.

Dower of Alien Widow. Where it appears that deceased was a 5 resident of this state, though of foreign birth, and there is no evidence that he is an alien, a conveyance of land in this state by him alone will not cut off the dower right of his alien widow, under section 3646 of McClain's Code.

Mileage of Witnesses. The mileage of necessary witnesses is prop- 6 erly taxable as costs whether they come from within or without the state.

Depositions: MOTION TO SUPPRESS. Where depositions are filed 7 during the term and ten days thereafter a motion to suppress is filed, under section 4712 of McClain's Code the same should be overruled.

*Appeal from Calhoun District Court.*—HON. S. M. EL-WOOD, Judge.

TUESDAY, OCTOBER 6, 1903.

THE plaintiff alleges that she is a resident of St. Just, in the county of Cornwall, England, and that she was there married to John Casely in February, 1863; that some years after said marriage her husband deserted her without cause, and removed to the United States, where he assumed the name of John Wallace; that under such assumed name he acquired the title to, and became the owner of, certain real estate in Calhoun county, Iowa, which he afterwards conveyed to the defendant's grantor; that since such conveyance the said John Casley, alias John Wallace, has died, and that she is his widow, and entitled to one third in fee simple of the real estate of which he was seised during his life, and that she has made no relinquishment or conveyance of such interest; that the defendant holds the title to said land through a deed from her husband, as aforesaid. Plaintiff prays that her title be established, in accordance with the facts pleaded. There was a trial to the court, and a decree for the plaintiff, from which the defendant appeals.—*Affirmed.*

*O. J. Jolley* and *E. C. Stevenson* for appellant.

*W. E. Gray* and *M. W. Frick* for appellee.

SHERWIN, J.—The first question for determination, in the logical order of events, is whether the record shows by competent evidence the marriage of the plaintiff to John Casley, as alleged by her. We are abidingly convinced that it does. Record evidence of marriage is not necessary, and it may be proved by any kind of evidence, whether direct or circumstantial. *State*

I. MARRIAGE: proof of.

*v. Williams*, 20 Iowa, 98; *State v. Wilson*, 22 Iowa, 364; 19 Am. & Eng. Ency. Law (2d Ed.) 1197, and cases there cite.l. Greenleaf on Evidence (13th Ed.) section 461. The testimony of the witness Nicholas, who married the plaintiff's sister, and who was at her father's home when she and Casley returned from their marriage at the parish church, shows that they immediately afterwards commenced living together, and so continued for several years and that three or four chilrdren were born to them, and is alone sufficient to establish the marriage.

The parish register of St. Just is also competent evidence of the marriage. It is a record of marriages, baptisms, and burials, required by the law of England, and the entry therein was made by the then vicar in the usual course of business. Greenleaf on evidence, *supra*; Abbott's Trial Evidence, sections 43, 44; 19 Am. & Eng. Ency. Law, 1202; *Blackburn v. Crawford*, 3 Wall. 175 (18 L. Ed. 186).

2. SAME.

That the John Casley who was married to the plaintiff in 1863 is the identical person who became the owner of the property in question under the assumed name of John Wallace does not admit of doubt, and, indeed, is not seriously questioned. Some four years after his marriage to the plaintiff, John Casley left his wife and St. Just, for the purpose of seeking employment elsewhere. For some three months thereafter the plaintiff received letters and remittances from him, but thereafter heard nothing from him, and for many years did not know of his whereabouts. John Casley went to Germany after he had abandoned the plaintiff, and there he assumed the name of John Wallace, and was married under that name in 1873. After his second marriage, he removed to the northern part of England, where he and his new wife, Elizabeth Wallace, lived eight or ten months, and from there they came to the United States, locating first in Pennsylvania. In 1875 Casley came to

3. PRESUMPTION of divorce.

Iowa, and the year after his second wife joined him here. In 1877 they removed to Colorado, where they resided about'a year, and from there they came back to Iowa, where they lived together as husband and wife until the death of Casley in December, 1898. During all of this time he went under the assumed name of John Wallace, and acquired and held property in that name. There is no evidence in the record tending to show that he at any time or place procured a divorce from the plaintiff. She did not procure one from him, nor did she have any notice or knowledge that he had procured, or attempted to procure, a divorce from her. Neither did the plaintiff have knowledge that Casley had again married. No presumption that Casley obtained a divorce from the plaintiff before or after his marriage in Germany can be indulged, and the case of *Blanchard v. Lambert*, 43 Iowa, 228, and later cases based upon facts similar thereto, are not controlling here. In the *Blanchard Case*, Mrs. Blanchard had been married to one Musgrave before her marriage to Blanchard. She and Musgrave separated in 1858, and both thereafter lived for some time in the same community, Musgrave living a part of the time with another woman as his wife, to whom report said he was married, and all of which was known to his former wife, Mrs. Blanchard. *In re Estate of Edwards* 58 Iowa, 431, the petitioner, who was claiming to be the widow of the deceased, had remarried after her separation from him, and there was also record evidence of a divorce, and his own admission that she and Edwards had been divorced. The presumption indulged in that case was against a criminal act on the part of the petitioner. In *Leach v. Hall*, 95 Iowa, 611, the facts were materially different from the facts in this case. There the plaintiff knew of, and distinctly recognized the second marriage. This case is clearly within the rule announced in *Ellis v. Ellis*, 58 Iowa, 720, where it is said: "There must be something based on the acts and conduct of both parties in-

consistant with the continuance of the marriage relation before the presumption should be indulged." The *Ellis Case* was followed in *Gilman v. Sheets*, 78 Iowa, 499, and in *Barnes v. Barnes*, 90 Iowa, 282. In *Goodwin v. Goodwin*, 113 Iowa, 319, we held that a presumption of divorce could not alone overthrow the presumption of the continuing validity of the first marriage in a case involving property rights. See, also, *Dunn v. Portsmouth Savings Bank*, 103 Iowa, 538. No presumption that a divorce was obtained by Oasley should obtain in this case.

But, even if such a presumption might reasonably be indulged, it would be fully overcome by the fact that he deserted his former wife without any cause whatever, and that he thereafter married, and lived far from her, under a false name.

4. SAME.

The deceased was a resident of this state, and there is no evidence tending to show that he was an alien; hence section 3646, McClain's Code 1888, in force at the time the land in controversy was conveyed by him could not be controlling if enlarged to include land conveyed by a resident alien.

5. DOWER of alien widow.

One of the plaintiff's witnesses came to Iowa from Michigan, and another from Colorado. Their personal presence was necessary for the proper identification of John Wallace, and their mileage was taxed to the defendant. This was right (*Briggs v. M. Rumely Co.*, 96 Iowa, 202; *Duree v. C., M. & St. P. Ry. Co.*, 118 Iowa, 640); and if the presence of the witnesses was properly required, as in this case, it can make no difference whether they come from within or without the state.

6. MILEAGE of witnesses.

Depositions were filed in the case during a term of court, and ten days thereafter a motion to suppress them was filed. The motion was properly overruled, because not filed in time. McClain's Code, section 4712.

7. DEPOSITION: motion to suppress.

The judgment is AFFIRMED.