PARSONS BAND CUTTER, AND SELF FEEDER COMPANY, Appellant, v. J. L. SCISCOE, D. N. WILSON; and, SCISCOE AND WILSON, Appellees.

**Costs:** WITNESS FEES. Witnesses who are in good faith subpœnaed and attend the trial should be allowed their fees, though not called to testify; and it is no objection to allowing mileage to a witness, residing more than seventy miles from the place of trial, that his deposition might have been taken.

**Same.** The fact that a witness is employed by the party who subpœnas him is not ground for disallowing his fees.

**Same.** No legal duty devolves upon one party to disclose to the
other the presence of his witness, and refusal to do so is not,
in itself, ground for disallowance of their fees.

*Appeal from Des Moines District Court.*— HON. JAMES D.
SMYTH, Judge.

### TUESDAY, FEBRUARY 13, 1906.

THIS is an appeal from an order retaxing costs, in an
action wherein plaintiff recovered judgment from defend-
ants in the district court of Des Moines county.   The clerk
taxed mileage and fees for certain witnesses subpoenaed by
plaintiff in an action brought by it against the defendants
wherein it recovered judgment as before stated.   Defend-
ants filed a motion to retax, upon the ground that plaintiff
and its attorneys were illegally attempting to increase the
costs against the defendants.   The motion was sustained,
and plaintiffs appeals.— *Reversed.*

*W. L. Cooper* and *C. L. Poor,* for appellant.

*T. G. Harper,* for appellees.

DEEMER, J.— Plaintiff's action was to recover judg-
ment for the value of a machine sold by defendants as its
agent, and for certain repairs furnished.   Defendants
pleaded a modification and waiver of the contract under
which they obtained possession of the machine, by certain
agents of plaintiff whose names they did not know; and the
presence of a man and woman, who relieved defendants from
liability for the machine.   They also pleaded a counter-
claim for commissions earned in the sale of the machine, and
for time lost attempting to adjust it.   An attorney for
plaintiff secured subpoenas from the clerk of the court in
which the action was pending, and sent one of them to its
agent at Newton who had charge of the plaintiff's agents,
and this agent accepted service of the subpoena, and pursu-

ant thereto appeared in Burlington on February 9, 1904, the day before the case was called for trial. Another subpoena was sent to G. H. Herzog and Mrs. Herzog, his wife, who were the parties referred to in the defendants' answer, as the man and woman who relieved defendants of liability. The Herzogs accepted service of this subpoena in Mitchell county, Iowa, and appeared at Burlington in response thereto February 8, 1904. An order had been made by the court excluding witnesses from the courtroom during the trial, and one of plaintiff's attorneys informed the above-named witnesses thereof, and directed them to remain within call and to be ready to go to the courthouse on a moment's notice. The case was tried upon documentary evidence and without the use of any witnesses save defendant J. L. Sciscoe.

After the order for judgment the witnesses named appeared in the clerk's office, and claimed and were allowed witness fees and mileage. They were not called upon the stand, for, as we understand it, the case never got so far as to call for any rebuttal testimony on the issues tendered by defendants' answer. The reasons given by defendants, as to why these fees should not be taxed, are (1) that the witnesses were not used; (2) that defendants' attorneys asked one of plaintiff's counsel if he had any witnesses in the city, to which he replied that he did not know and defendants' counsel then said " that if he had any he wished to use them "; (3) that two of the witnesses were paid employés of plaintiff; (4) that each of the witnesses resided and accepted service more than seventy miles from the place of trial, and (5) that it would have been cheaper to have taken the deposition of the witnesses. There is a conflict in the evidence regarding the conversation between the two attorneys, but we shall assume for the purpose of the case — the trial court evidently having been of that opinion — that the version given by defendants' attorneys is the correct one.

Witness fees are taxed and allowed pursuant to statute,

and turning to our Code we find the following provisions:
" Witnesses in any court of record shall receive for each

1. COSTS: witness day's attendance $1.25 and five cents per mile
fees.             for each mile actually .travelled." Section

4661 " The clerk shall tax in favor of the person recovering
costs the allowance of his witnesses." Section 3862.
" Costs .shall be recoverable by the. successful against the
losing party." Section 3853. Generally speaking, a wit-
ness is one who gives evidence in a court. *Fisher v. Rail-
road,* 104 Iowa, 591. But this is not always the test. The
losing party may be taxed with costs for witnesses who
were properly subpœnaed and attended the trial, although
they gave no evidence. It is often proper and necessary
to summon witnesses whose evidence afterwards becomes
immaterial and unnecessary. *Hanners v. McClelland,* 74
Iowa, 318; *Duree v. Railroad,* 118 Iowa, 643. Of course,
no party should be allowed to subpœna unnecessary wit-
nesses for the purpose of increasing the bill of costs
which his adversary is to pay, but good faith is generally
presumed where a witness attends upon subpœna duly
issued. If not subpœnaed or used, and no showing is
made as to the need of such witnesses, the presumption is
to the contrary. Fisher v. Railroad Co., *supra.*

While the deposition of a witness who resides more than
seventy miles from the place of trial may be taken, this
does not prevent or prohibit either party from procuring the
personal attendance of the witness if he can. And if the
witness appears, it is no objection to taxing mileage to say
that he need not have attended. *Briggs v. M. Rumley Co.,*
96 Iowa, 209; *Casley v. Mitchell,* 121 Iowa, 96. That the
witness was not used is no ground, in itself, for not taxing his
fees. In the instant case there was not only a presumption
that the witnesses were proper and necessary, but an affirma-
tive showing to the effect that, under the issues, they were
likely to be very important during the trial.

We have now answered all but two of the objections

made by the defendants to the taxation of these witness
fees. As to the third, that they were employés of plaintiff,
we find that but one of them was in defend-
2. Same.
ants' employ at the time he was subpœnaed.
Neither Herzog nor his wife were then in plaintiff's employ.
Bryant was in plaintiff's employ, but this, according to all
the authorities, was no ground for not allowing his mileage
and fees. *Chickasaw Co. v. Weller,* 98 Iowa, 731, and
cases cited at page 70, vol. 50, Century Digest, and volume
30, Am. & Eng. Ency. Law, pp. 1181 and 1182.

The only ground, then, if there be any, for sustaining
the ruling of the trial court was the inquiry made by de-
fendants' counsel as to the witnesses plaintiff had in attend-
ance, and the response of plaintiff's counsel to
3. Same.
that inquiry. Unless plaintiff's counsel was
under some duty to disclose the fact that he had witnesses
present for the trial, his response to the inquiry of defend-
ants' counsel should furnish no ground for disallowing their
fees and mileage. No such legal duty exists, and it is legal
duties only that we are now considering. So that failure
to disclose to defendants' counsel the presence of the wit-
nesses is not ground, in itself, for disallowing their fees.
Such response might be considered, perhaps, as bearing upon
plaintiff's good faith in subpœnaing the witnesses, and as to
the necessity of their presence; but where, as here, these wit-
nesses were apparently necessary and proper to be used in
rebuttal of any testimony defendants might offer in support
of the issues tendered by them in their answer, this re-
sponse is of little weight. Indeed, it might well be given
a very different aspect, for we know that counsel many times
and for many reasons conceal the presence of their wit-
nesses when it is their purpose to use them, and the very
fact that they do so is evidence that they intend to use them
at a proper time.

That the witnesses did not appear in open court is of no
significance. Their presence in close proximity to the court-

house in order to speedily obey a call is all that is required. *Reid v. Wright,* 181 Mass. 306, (63 N. E. 886.) There is no sufficient showing negativing the good faith of plaintiff in subpœnaing apparently necessary and proper witnesses, and the trial court was in error in sustaining the motion to retax.

The order is therefore reversed, and the cause remanded, with directions to overrule the motion.

*Reversed and remanded.*

SHERWIN, J. (specially concurring).— I am satisfied with the conclusion reached in this case, but as I understand the opinion it holds in effect that when witnesses are in attendance upon court in response to a subpœna issued by one party, the party so subpœnaing them need not disclose their presence to the other party upon his request and statement that he wishes also to use them as his witnesses. It may be true, as a general proposition, that parties may conceal the presence of their witnesses, but they should not be permitted to do so and to tax the costs of their attendance to the other party, when the other party has in good faith expressed his wish to use the witnesses as his own if in attendance. It strikes me that such a rule is neither good law nor good morals.

WEAVER, J.— I concur in the views expressed by Mr. Justice SHERWIN.