IN RE ESTATE OF ANNA HULME, Deceased.

COSTS:   Witness Fees—Taxation—Absence of Subpoena.   In the absence of a clear showing in support of the claim, courts will not allow fees for attendance or mileage of witnesses who are neither subpoenaed, sworn, nor examined on the trial.

COSTS:   Witness Fees—Taxation—Mileage Outside State.   The allowance of mileage fees to witness for more than 70 miles is

discretionary with the court, but any allowance must be confined to the necessary and proper travel of witness in the state, as allowance without the state would give to the statute extraterritorial effect.

*Appeal from Winnebago District Court.*—C. H. KELLEY, Judge.

April 15, 1919.

Appeal from an order of the district court for the taxation of costs. The facts are stated in the opinion.—*Modified and remanded.*

*Jensen & Jensen,* for appellant.

*Thompson, Loth & Sifford,* for appellee.

· WEAVER, J.—The executor of the will of Anna Hulme, deceased, having made final report of his trust, exceptions thereto were taken by the appellee, Alice Reimers, one of the beneficiaries of the estate. At the trial of the issues so raised, the appellee produced a witness, William J. Reimers, who testified in support of the exceptions taken to the executor's report. This witness was a resident of the state of Idaho, and came from his home to Forest City in this state, a distance of 934 miles, without subpoena, but at the request of the appellee, for the purpose of giving testimony upon the hearing. The exceptions to the report were sustained, and the executor ordered to make accounting for property to the amount of $2,000 or more in excess of his original showing. In assessing the costs, the clerk first taxed to the executor in favor of said witness for 5 days' attendance and 70 miles' travel. Thereupon, appellee moved for a retaxation of such portion of the costs, and that the witness be allowed full mileage from his home to the place of trial, instead of 70 miles, as entered by the clerk. This application was sustained, and the mileage was re-assessed on the basis of the entire distance traveled; and the executor appeals.

Counsel argue in support of the appeal: First, that, as the witness came to the place of trial voluntarily, without subpoena, he is not entitled to any allowance of mileage; second, that, as our statute limits the compulsory attendance of a witness upon subpoena to 70 miles, such distance should be the maximum limit of taxable mileage.

This question, in some of its aspects, has had the attention of the court on several occasions. It seems to be settled, and such is the reasonable effect of the statute, that the right to have fees taxed for the attendance

1. COSTS: witness fees: taxation: absence of subpoena.

and mileage of witnesses does not necessarily depend upon service of subpoena. The principal office of a subpoena is to compel the appearance of witnesses who are within reach of such process and would not otherwise attend the trial; but, if they appear voluntarily, at the request of the party desiring their testimony, and submit themselves to examination without compulsion, there can be no good reason for denying them the usual compensation simply because they waived their right to refuse to attend without the service of subpoena. As said by us in *Duree v. Chicago, M. & St. P. R. Co.*, 118 Iowa 640, 644, if the witness attend voluntarily, the service of subpoena "would be superfluous, and of benefit to neither party. The omission to swell the costs with the additional expense in officer's fees and mileage, for issuing and serving the subpoenas furnishes no grounds of complaint by the other side." To guard against abuse of such right, the courts, in the absence of a clear showing in support of the claim, will not allow fees for the attendance or mileage of witnesses not subpoenaed, and not in fact sworn or examined on the trial. *Duree v. Chicago, M. & St. P. R. Co.*, supra; *Briggs v. M. Rumely Co.*, 96 Iowa 202, 209; *Fisher v. Burlington, C. R. & N. R. Co.*, 104 Iowa 588; *Casley v. Mitchell*, 121 Iowa 96. A stricter rule is, perhaps, to be applied in a criminal case, by reason of the statute which re-

quires an affidavit and order of the court before subpoena will issue for the attendance of witnesses at the public expense. *State v. Willis,* 79 Iowa 326. If, then, fees for the attendance and necessary travel may be al-

**2. Costs: witness fees: taxation: mileage outside state.**

lowed to one who appears voluntarily and testifies under circumstances showing him to be a material and competent witness in the case, it follows of necessity, in our judgment, that the 70-mile limit upon the effective force of a subpoena has no effect to limit the authority of the court to allow mileage for a greater distance. In several of our cases, it has been said that the allowance of mileage beyond such limit is largely a matter of discretion in the trial court. See *Perry v. Howe Co-op. Cr. Co.,* 125 Iowa 415, and other cases already cited. In the *Perry* case, mileage was claimed for travel from another state; but it was allowed from the state line only, and we sustained the ruling. It is possible that cases may be found—though counsel cite none—where we have refused to interfere with the discretion of the trial court in allowing mileage from points beyond the state line; but, however that may be, we are disposed to hold the safer rule to be that authority and discretion to allow mileage allowances to witnesses should be limited to their necessary and proper travel within the state. Without such restriction, the costs in a contested case may easily be made unnecessarily burdensome; and if a witness may travel from Idaho at the expense of the losing party, others may also be brought from across the seas in either direction, until their allowance reaches mountainous proportions. Again, mileage, if taxed at all, is allowed as a statutory right, and to grant it for travel of a witness before he reaches the jurisdiction of Iowa is, in a certain sense, to give the statute extra-territorial effect.

We therefore reach the conclusion that the mileage of the witness in the present case should be reduced, and taxed upon the basis of the distance traveled by him from the state

line to Forest City.   For this modification of the order appealed from, the cause will be remanded to the district court. —*Modified and remanded.*

LADD, C. J., GAYNOR and STEVENS, JJ., concur.