KARL BREUER, Appellant, v. JOHN A. BEERY et al., Appellees.

**DESCENT AND DISTRIBUTION:** Surviving Spouse—Alien Enemy-
 ship. A resident alien enemy is entitled to a distributive share
 (dower) in the real estate holdings of his intestate wife.

*Appeal from Tama District Court.*—J. W. WILLETT, Judge.

SEPTEMBER 19, 1922.

ACTION in partition, in which the plaintiff, appellant, seeks
to have his distributive share set aside to him as surviving spouse.
The defendants contend that he was an alien enemy at the time
the claimed right accrued. The trial court ruled the case on this
theory, and dismissed plaintiff's petition. Plaintiff appeals.—
*Reversed.*

*L. M. Kratz,* for appellant.

*Struble & Stiger,* for appellees.

ARTHUR, J.—The plaintiff, Karl Breuer, seeks to have
established as his distributive share an undivided one-third
interest in certain real estate of which his wife died seized. The
plaintiff, at the time in question, was a subject of imperial Ger-
many, but was a resident of Linn County, Iowa. His wife,
Florence M., prior to the marriage was an American citizen,
and died intestate at Eldora, Iowa, May 16, 1920.

Plaintiff emigrated from Germany July 30, 1914, Baltimore
being his port of entry. He resided for a time at Cedar Rapids,
and then moved to Tama County. After his marriage, he re-
turned to Cedar Rapids, where he maintained a home, and was
employed by the Quaker Oats Company. During all of the
time, he was a resident of this state. This was his status when
the United States declared war against Germany, April 10,
1917.

At the outset, we may state that the record shows that he

was a resident alien enemy. An alien in this country is a person born out of the United States, and unnaturalized under our Constitution and laws. An alien enemy is a person who owes allegiance to the adverse belligerent; a foreigner whose country is at war with the country of his residence.

Under the common law, an alien enemy had no rights or privileges except by special favor of the king. Under modern law generally, he has the protection of person and property, until ordered expelled. 2 Corpus Juris 1046.

It has been generally recognized in this country that an alien enemy may take by purchase, but not by descent. *Fairfax's Devisee v. Hunter's Lessee,* 7 Cranch (U. S.) 603. That an alien enemy may take by purchase, as under a will, is well established in this state. *In re Will of Kielsmark,* 188 Iowa 1378.

Every state, as a general principle, has the power to regulate the right of aliens to inherit, and the common-law principles have been modified by Constitution or statutes in many of the American states. Legislatures and judicial decisions have been blazing the way to the open-door policy in dealing with the rights of aliens to acquire and hold real property, and the rule of the common law that an alien husband cannot be seized of an estate by curtesy in the real estate of the wife has been abrogated in many jurisdictions.

It may be noted at this point that the distributive share (known as dower and curtesy, at common law) is the taking of title by descent, and not by purchase. *Cooke v. Doron,* 215 Pa. 393 (64 Atl. 595) ; *Techt v. Hughes,* 229 N. Y. 222 (128 N. E. 185).

The question is presented, Did the plaintiff, upon the death of his intestate wife, become the owner of a distributive share in his wife's estate?

The limitation of Code Section 3366 finds no application in this case, as no claim is made that the real estate in question had been sold or disposed of by the deceased spouse in her lifetime. The Constitution of Iowa provides:

"Foreigners who are or may hereafter become residents of this state, shall enjoy the same rights in respect to the possession, enjoyment, and descent of property as native-born citizens." Article 1, Section 22.

A declaration of war does not, *ipso facto,* work a confiscation of property of alien enemies within the territory of the belligerent power, and an alien enemy holds his property legally against all the world, except the sovereign. The modern tendency is simply to withhold the property of the alien enemy, if necessary, and restore it to him at the termination of hostilities. 27 Ruling Case Law 924; *In re Estate of Henrichs,* 180 Cal. 175 (179 Pac. 883); *Posselt v. D'Espard,* 87 N. J. Eq. 571 (100 Atl. 893); *Weiditschka v. Supreme Tent Knights of Maccabees,* 188 Iowa 183.

Under the law of this state, as judicially interpreted, it is immaterial whether the alien is a resident or nonresident, in times of peace. *Casley v. Mitchell,* 121 Iowa 96. The *Casley* case involved the distributive share of the widow, who was a resident and citizen of England. We have not followed the spirit of the common law, and the Constitution of Iowa clearly recognizes the acquiring by an alien of property by descent.

The appellant, although technically classified as an alien enemy, was a resident of Iowa, and is entitled to the protection given him by our law. Alien enemies are permitted to remain within our borders, and the tendency of courts is to respect their rights and privileges as though they were alien friends. Unless the political department has acted, courts are not inclined to destroy the property rights of aliens in time of war; and this is the better rule, and in keeping with "the dictates of fair dealing and the honor of the nation."

The judgment entered by the trial court denying the right asserted by the plaintiff is—*Reversed.*

STEVENS, C. J., EVANS and FAVILLE, JJ., concur.