Norval Eygabroad et al., appellees, v. Theodore Gruis et al., appellants.

No. 49051.

(Reported in 79 N.W.2d 215)

November 13, 1956.

Diamond & Jory; of Sheldon, for appellants.

Fisher & De Waay, of Rock Rapids, and L. L. Corcoran, of Sibley, for appellees.

HAYS, J.—Plaintiffs seek partition of the following described real estate: The SW¼ and the W½ of the W½ of the SE¼ (except railroad right of way) in Section 20, Township 99 North, Range 41 West 5th P.M., Osceola County, Iowa, and the N⅓ of Lots 9, 10, 11 and 12 and vacated alley located between said Lots and Lots 13, 14, 15 and 16, all in Block 8, Chase's Addition to the Town, now City of Sibley, Osceola County, Iowa.

Plaintiffs assert an interest therein as the heirs-at-law, grandchildren, of Henry Gruis, Sr., deceased, and Katie Gruis, deceased, who, it is alleged, is the surviving spouse of the said Henry Gruis, Sr. Involved is the one-third statutory dower of a surviving spouse. Sections 636.5 and 636.21, Code of 1954.

Defendants, children of Henry Gruis, Sr., claim the entire tract under the Will of their mother, Reina Gruis, deceased, who acquired the same under the Will of Henry Gruis, Sr. They deny that Katie was the surviving spouse of Henry Gruis, Sr.

The trial court established and confirmed plaintiffs' share and the defendants have appealed.

Most of the material facts are stipulated. In October 1889 Henry Gruis, Sr., hereinafter referred to as Henry, and Katie Bush Rindels, referred to as Katie, were legally married in Grundy County, Iowa. There is some testimony to the effect that on that date Henry was a resident of Osceola County, and Katie, a resident of Grundy County, Iowa. There is no showing that they ever lived together thereafter as husband and wife. In January 1890 a daughter, Abbie B., was born to Katie. She is conceded to be Henry's child. Where Katie was living at the time of Abbie's birth does not appear. Plaintiffs are the children of Abbie B., who died in 1920. In November 1892 Katie and one

Henry Looff were married in Wright County, Iowa. The marriage records state her residence to be in Wright County, Iowa. They lived together as husband and wife in said county until Henry Looff's death in 1916. Four children were born to this union. Katie died in 1953. These children have by quitclaim deed conveyed to plaintiffs any interest they might have in said real estate.

In 1900 Henry was married to Mereka. Gruis, the records stating that both were residents of Osceola County, Iowa. To this union was born one child, Walbert Gruis, who is a defendant herein. Mereka Gruis died in 1905. In 1905 Henry married Reina Ebbenga. They lived together in Osceola County as husband and wife until Henry's death in 1942. To this union were born four children, all defendants herein. Under the Will of Henry, which was duly probated in Osceola County, Iowa, Reina Gruis was made the sole beneficiary. Until Reina's death in 1954 she was in possession and control of the property here involved. Under the Will of Reina Gruis, now in process of settlement in Osceola County, Iowa, her four children and her stepson, Walbert Gruis, shared equally in her estate, including the real estate in question.

While it appears that Katie and her husband, Henry Looff, lived for many years in rather close proximity to the Gruis family, whether she was aware of this and of Henry's subsequent marriages does not appear. The record is clear that none of the defendants knew or had ever heard of Katie until this action was commenced in August 1955. There is no question but that both the Looff and the Gruis families were and are highly respected members of their respective communities.

While various propositions are advanced by appellants as grounds for a reversal, including laches, statute of limitations, adverse possession and the validity of the marriage of Henry and Reina Gruis, we deem the last proposition to be determinative of the issues, i.e., the status of Katie at the time of the death of Henry in 1942.

It is generally accepted by the courts that a marriage in fact is presumed to be valid and that such presumption is one of the strongest known to the law, although it is a rebuttable one.

Bishop on Marriage and Divorce, 6th Ed., section 457; 1 Jones on Evidence, section 86; 55 C. J. S., Marriage, section 43(c); In re Estate of Campbell, 260 Wis. 625, 51 N.W.2d 709; Leach v. Hall, 95 Iowa 611, 64 N.W. 790; Farr v. Farr, 190 Iowa 1005, 181 N.W. 268; Gammelgaard v. Gammelgaard, 247 Iowa 979, 77 N.W.2d 479. No presumption of validity as to the marriage of Henry and Katie in 1889 need be considered as it is conceded to have been valid.

Frequently, as here, a conflict arises as to the status of parties who have been married and subsequently remarry other parties, and a conflict of presumptions arises. As to the initial marriage, it is presumed to be valid, and that such marriage continues until the contrary is shown. So far as the initial marriage is concerned, only the presumption of it continuing until the contrary is shown is material here. 55 C. J. S., Marriage, section 43(d). As to the subsequent marriage the presumption of validity is the sole issue.

Under such a conflict of presumptions, the rule as stated in 55 C. J. S., Marriage, section 43(c), page 893, is: "In case of conflicting marriages of the same spouse, the presumption of validity operates in favor of the second marriage, and the party attacking the second marriage has the burden of proving its invalidity and of showing a valid prior marriage; and where a valid prior marriage is shown it is presumed to have been dissolved by divorce or death so that the attacking party has the burden of adducing evidence to the contrary." That this is the generally accepted rule see annotation 14 A.L.R.2d 7 and cited authorities.

While basically this rule is recognized in Iowa, it is somewhat more restricted. The Iowa rule appears to have been first announced in Ellis v. Ellis, 58 Iowa 720, 723, 13 N.W. 65, 66, and is as follows: "It seems to us there must be some fact upon which the presumption can be legitimately founded. There must be something based on the acts and conduct of both parties, inconsistent with the continuance of the marriage relation, before the presumption should be indulged."

Blanchard v. Lambert, 43 Iowa 228, 22 Am. Rep. 245 (although decided prior to the Ellis case), Leach v. Hall, 95 Iowa

611, 64 N.W. 790, and Tuttle v. Raish, 116 Iowa 331, 90 N.W. 66, are all cases where both parties subsequently entered into good faith marriage with other parties, and the presumption of the dissolution of the initial marriage by divorce was indulged.

Ellis v. Ellis, supra, Gilman v. Sheets, 78 Iowa 499, 43 N.W. 299, Barnes v. Barnes, 90 Iowa 282, 57 N.W. 851, Goodwin v. Goodwin, 113 Iowa 319, 85 N.W. 31, Casley v. Mitchell, 121 Iowa 96, 96 N.W. 725, and In re Estate of Colton, 129 Iowa 542, 105 N.W. 1008, are cases wherein only one of the parties to the initial marriage remarried; or if both had, as to one of the second marriages it was held to have been not a good faith marriage, and the presumption was not indulged.

█ The trial court held the presumption that the initial marriage ended in a divorce was applicable under the facts of the case, but found that it had been successfully rebutted, citing In re Estate of Colton, supra. We do not agree. While all authorities are agreed that this presumption is a rebuttable one, to do so the evidence must be so strong and persuasive as to leave no room for a reasonable doubt. Bishop on Marriage and Divorce, 6th Ed., section 457; Farr v. Farr, 190 Iowa 1005, 181 N.W. 268.

In the instant case there is not a word of direct evidence to rebut the presumption of dissolution of the original marriage. The record on the other hand is replete with acts and conduct on the part of both parties which are entirely inconsistent with the existence of the original marriage relationship. The parties had not met since the date of the marriage in 1889, or at least there is nothing to show the contrary; nor has either made any claim or assertion of marital rights against the other, nor had either contributed in any manner to the care and comfort of the other. Both parties have remarried, reared families and been respected members of their home communities. At least, so far as Reina Gruis is concerned, the inference is inescapable that she never knew or heard of Katie or of the original marriage.

In holding the presumption to be rebutted, two facts seemed persuasive to the trial court. There is some evidence that on the date of the original marriage Henry was a resident of Osceola County and Katie of Grundy County. There is not a word as to the whereabouts of Katie from that date, October 19, 1889, until

her marriage to Henry Looff on November 18, 1892, at which time her residence appears to be Wright County. As to Henry, between the date of the original marriage and his marriage to Mereka, in 1900, there is not a word as to his whereabouts. There is evidence of a rumor that Henry had lived in South Dakota, but when does not appear. However, the trial court recognized the presumption that residence once shown is presumed to continue until shown otherwise. Based upon this assumption of continuous residence of the parties in Osceola, Wright and Grundy County and the absence of a record of a divorce in any of these counties, it held the presumption of divorce rebutted under the Barnes and Colton cases, supra. In both of these cases, residence during all the time in question was established as a fact, not a mere inference, as here. There, there was evidence of no divorce in the only jurisdictions which legally could grant a divorce. Here, evidence of no divorce in the presumed jurisdictions, but not shown to be the actual or exclusive jurisdictions. In the cited cases the fact of no divorce record was deemed persuasive against the presumption, but a reading of those cases will clearly show facts removing them from the rule announced in the Ellis case, supra.

We hold that the presumption as to the validity of the Henry-Reina marriage and of the dissolution of the original Henry-Katie marriage by divorce has not been rebutted by the clear and convincing proof needed to overcome the same; that the plaintiffs have failed to establish the status of Katie as the surviving spouse of Henry at the time of his death and have no legal claim to the property involved.

The decree of the trial court is reversed and remanded with directions to enter a decree in accord herewith.—Reversed.

All JUSTICES concur.