IN RE ESTATE OF ERNEST WEEMS, deceased.

LAURA MAY WEEMS, applicant-appellant, v. DAISY LEE WEEMS, administratrix of estate of Ernest Weems, resister-appellee.

No. 51967.

(Reported in 139 N.W.2d 922)

FEBRUARY 8, 1966.

Earl E. Fosselman, of Waterloo, for applicant-appellant.

Dennis D. Damsgaard, of Cedar Falls, for resister-appellee.

SNELL, J.—An Application for Widow's Allowance was filed in the estate of Ernest Weems by his first wife claiming to be his widow. Applicant and decedent had married, separated and remarried after their separation, but without either obtaining a divorce. The second wife of the deceased also claims to be his widow. The issue was whether the first wife is the widow of the deceased. The trial court ruled that the evidence did not overcome the presumption of the validity of the second marriage and the first wife was not entitled to a widow's allowance. This appeal presents the question of whether there was sufficient evidence to overcome the presumptions that the first marriage was terminated by divorce and that the second marriage was valid.

Section 33, chapter 326, Laws of the Sixtieth General Assembly, known as the "Iowa Probate Code", provides and counsel in oral argument agreed, that this case was triable as a proceeding in equity. Our review is de novo.

Laura May McClelland Weems, applicant and appellant, married Ernest Weems on January 2, 1932, in Durant, Holmes

County, Mississippi. She lived with him six years, then separated and went to Marks, Mississippi. About a year later she married a Major Miller. They lived together in Mississippi and Michigan about three years and then separated. She has lived in Buchanan, Michigan, about 20 years. She is employed as a domestic and earns $20 per week in addition to her board and room. Since her "marriage" to Miller she has gone by the name of "Miller" and has a social security card under that name. She has never been divorced from Weems. She had no children by either marriage.

In January 1939, about a year after his separation from Laura May Weems, Ernest Weems married Daisy Lee Cain in Durant, Holmes County, Mississippi. Applicant testified that this was prior to her marriage to Miller. She testified that she knew Ernest and Daisy "were together" but did not know they were married when she married Miller.

Ernest and Daisy Weems first lived in Durant and then moved to Waterloo, Iowa, in 1942. They lived together until his death in 1964. They had no children. Daisy Weems is listed in the estate as his widow.

Laura May Weems testified:

"I have never been divorced from Mr. Weems. * * * I never got a divorce from Ernest. And he never got a divorce from me. * * *

"After I left Durant I went back there to see my people and visit them, and I saw my husband at that time. I had a conversation with him in regard to a divorce. I asked him for a divorce and he said he hadn't gotten a divorce then. I have never been served with any papers. * * *

"I know that Ernest Weems lived in Waterloo. I talked to him here at his home about 15 years ago. At that time he never told me there had been any divorce. At that time he said I was his wife, and I was his only wife. We were talking on the telephone and I knew his voice. * * *."

Daisy Lee Weems testified to her marriage to Ernest. We quote from the record:

"I don't remember the year I first saw Laura, but it was after Ernest and I married. And she came back out to Durant,

visiting, and I saw her then. That was the first time I saw her. I talked to her at that time. She told me that she was married to my husband. She knew that Ernest and I had been married, she hoped we could make it, that they couldn't make it, that she was married again.

"I did not know Laura before I married Ernest Weems. I knew that he had been married, he told me he had been married. He had not been divorced. I knew that he was not divorced. He had not obtained a divorce from her since our marriage. I guess the Laura May Weems that is here in Court and testified before me this morning is the same Laura May Weems that had been married to Ernest Weems before I was. * * *."

The trial court held applicant had not overcome the presumption of the validity of the marriage of Ernest Weems to Daisy Lee Cain. Applicant's claim for widow's allowance was denied.

I. Where conflicting marriages of the same spouse appear the absence of evidence may make necessary a resort to presumptions.

Our most recent review of the problem appears in Eygabroad v. Gruis, 247 Iowa 1346, 79 N.W.2d 215. In that case there was a legal marriage but no showing of any subsequent cohabitation as husband and wife. The parties went their separate ways, married, had children and died as did their spouses. Many years later the title to real estate was involved in a partition action between conflicting lines of descent.

The evidence disclosed that the first wife and her subsequent husband lived for many years in rather close proximity to the family of her first husband. Whether she was aware of her first husband's subsequent marriages (there were two) did not appear. None of the children of the husband's subsequent marriages had ever heard of the first wife until the partition action was commenced about 60 years after the marriage. There was evidence of a search of official records but there was no showing that the jurisdictions where a search was made were exclusive.

We said that the inference was inescapable that the last wife never knew or heard of the first wife or the original marriage. (Loc. cit. 1350) We said there was not a word of direct evidence

to rebut the presumption of dissolution of the original marriage. (Loc. cit. 1350)

We quoted the applicable law on page 1349 of 247 Iowa, as follows:

"Under such a conflict of presumptions, the rule as stated in 55 C. J. S., Marriage, section 43(c), page 893, is: 'In case of conflicting marriages of the same spouse, the presumption of validity operates in favor of the second marriage, and the party attacking the second marriage has the burden of proving its invalidity and of showing a valid prior marriage; and where a valid prior marriage is shown it is presumed to have been dissolved by divorce or death so that the attacking party has the burden of adducing evidence to the contrary.' That this is the generally accepted rule see annotation 14 A. L. R.2d 7 and cited authorities.

"While basically this rule is recognized in Iowa, it is somewhat more restricted. The Iowa rule appears to have been first announced in Ellis v. Ellis, 58 Iowa 720, 723, 13 N.W. 65, 66, and is as follows: 'It seems to us there must be some fact upon which the presumption can be legitimately founded. There must be something based on the acts and conduct of both parties, inconsistent with the continuance of the marriage relation, before the presumption should be indulged.' "

The presumption is rebuttable but the evidence to overcome the presumption must be strong and persuasive. (Loc. cit. 1350)

II.   The claim of Laura May Weems was based on her unrefuted testimony and the admissions of Daisy Lee Weems that she knew Ernest Weems had never been divorced from Laura May Weems. The second marriage of Ernest Weems was clearly and admittedly bigamous.

The claim of Daisy Lee Weems rests solely on a rebuttable presumption. Although she may have done more to earn the status of a surviving widow than has the first wife, we know of no such thing as a common-law divorce, or divorce resting on nothing more secure than bigamy.

The presumption does not prevail over a fact established by unrefuted evidence and known to the parties at all times.

■ The law applicable to rebuttable presumptions is stated in 31A C. J. S., Evidence, section 115, as follows: "* * * a disputable or rebuttable presumption is a species of evidence that may be accepted and acted on when there is no other evidence to uphold the contention for which it stands, or one which may be overcome by other evidence. * * *."

■ In Stenberg v. Buckley, 245 Iowa 622, 628, 61 N.W.2d 452, we quoted with approval from 31 C. J. S., Evidence, 724, section 114, as follows: " 'Presumptions must be based on some necessity, and the court will not go into the domain of presumptions where direct proof can be obtained.' " We also quoted with approval from In re Estate of Bryant, 3 Cal.2d 58, 68, 43 P.2d 529, 533, as follows: " 'The application of bare legal presumptions is only indulged in cases where there is a total lack of evidence bearing on the question at issue.' "

■ III. There was no evidence of any search of official records in the jurisdictions in which the parties had lived. Such evidence was unnecessary in the case at bar. The two women involved were alive and testified. The first wife testified that she had never been divorced from decedent. Daisy Lee Weems, the second wife, testified that when she married decedent she knew he had been previously married and was not divorced and had not been subsequently divorced.

Evidence that no official record of a divorce could be found could do no more than corroborate an admitted fact.

IV. Laura May Weems and decedent were legally married. There is evidence that they were never divorced. The rebuttable presumption of the validity of the marriage between Ernest Weems and Daisy Lee Weems has been overcome.

The case is reversed and remanded to the district court for further hearing and determination pursuant to section 374 of the Iowa Probate Code.—Reversed and remanded.

All JUSTICES concur except JUSTICE THORNTON who takes no part.