NORMA JEAN CLUBB et al., appellants, cross-appellees, v. LEWIS H. OSBORN, appellee, cross-appellant.

No. 52440.

(Reported in 149 N.W.2d 318)

224

MARCH 7, 1967.

Korf, Diehl, Clayton & Cleverley, of Newton, for appellants, cross-appellees.

Brierly, McCall & Girdner, of Newton, for appellee, cross-appellant.

MASON, J.—This law action arose out of an automobile collision about 3:45 p.m., October 13, 1960, in a residential district of Newton, between a vehicle owned by plaintiff Dale E. Clubb driven by his wife Norma Jean and a vehicle owned and operated by defendant Lewis H. Osborn.

In Division I of plaintiffs' petition Norma Jean sought damages for personal injuries resulting from defendant's alleged negligence. In Division II Dale sought damages sustained to his vehicle. Defendant counterclaimed against both plaintiffs for damages to his truck.

Trial resulted in jury verdicts against both plaintiffs and defendant. Plaintiffs' and defendant's motions for new trial were overruled and both sides have appealed.

This matter has previously been before us. The first trial in May 1963 resulted in jury verdicts against both plaintiffs and in favor of defendant. A new trial was granted and defendant appealed. We affirmed the grant of a new trial, Clubb v. Osborn, 256 Iowa 1154, 130 N.W.2d 648.

I. Highway 14 at the point material in this case runs generally in a north-south direction and is designated West Eighth Street North. North Second Avenue West, North Fourth Avenue West and North Fifth Avenue West all run in an east-west direction. There is an overhead highway bridge on highway 14 over the railroad between North Second Avenue West and North Fourth Avenue West. The concrete portion of highway 14 near North Fifth Avenue West is 20 feet wide.

There was a dirt and gravel shoulder on the east and a sidewalk running east and west along the north side of North Fifth Avenue West. A short piece of a north-south sidewalk on the east side of highway 14 joined with the other sidewalk, forming an L.

Earlier Mrs. Clubb had driven her husband's automobile to a supermarket on North Second Avenue West. There she met Joyce Garr and Ruth Woody who asked for a ride to their homes. They lived a block east of highway 14 on the corner of Fifth Avenue. It was raining at the time. As she left the supermarket Mrs. Clubb drove west on North Second Avenue West with her two sons, Douglas and Donald, in the front seat and the neighbor girls in the back seat. When she came to highway 14, she stopped, turned north onto the highway, went across the overhead bridge and past the Iowa Southern Utilities substation immediately north of the railroad bridge. At the same time defendant, accompanied by his hired man, was driving his 2½-ton stock truck north, following the vehicle operated by Mrs. Clubb.

As plaintiff approached the intersection of North Fifth Avenue West, she contends she pulled over and brought the car to a stop a short distance north of Fifth Avenue, so the girls could alight. As they opened the back door defendant struck the rear of plaintiff's car, forcing it over a bank and down into a yard. After the impact defendant's truck went forward approximately three to four feet.

The place where plaintiff stopped and whether she gave an appropriate signal of her intention to so stop are the disputed issues of fact. The position of the front end of the Osborn truck after impact with reference to the sidewalks, shoulder and travel portion of North Fifth Avenue West was variously described.

Questions of injuries, damages and amounts are not involved in this appeal.

II. Defendant assigns as error relied on for reversal the trial court's refusal to receive into evidence plaintiffs' original petition which defendant offered as an admission.

Plaintiffs assign as errors (1) overruling their motion for directed verdict against defendant's counterclaim and overruling paragraph 3 of their motion for new trial; (2) overruling certain other paragraphs of their motion for new trial, and (3) paragraphs 5 and 19 thereof.

We first consider defendant's assignment of error.

Plaintiffs' original petition contained an allegation in paragraph 10 that the collision occurred "at" the intersection of West Eighth Street North and North Fifth Avenue West in Newton. In their second amendment they changed the allegation to read the collision took place "immediately north of" the intersection. Defendant contends, since the place of collision was in dispute not only in this action but in the first trial, he had the right to have this alleged inconsistency in plaintiffs' pleadings considered by the jury for the purpose of verifying his testimony as to the place where plaintiff stopped the car. He contends this could have had a direct bearing on the jury's evaluation of the counterclaim and failure to admit the pleading in evidence as an admission was prejudicial requiring a reversal only as to his counterclaim.

When a pleading is amended or withdrawn, the superseded portion disappears from the record as a judicial admission limiting the issues and putting certain facts beyond dispute. Nevertheless, it exists as an utterance once deliberately made and may be used as a quasi admission like any other utterance of the party as an item of evidence, not final or conclusive. The opponent, whose utterance it is, may nonetheless proceed with his proof in denial of its correctness; it is merely an inconsistency which discredits, in a greater or less degree, his present claim and his other evidence. 4 Wigmore on Evidence, Third Ed., sections 1059 and 1067.

"We have never changed our position that the opposite party was entitled to introduce inconsistent pleadings relating to the same issue into evidence for whatever the jury might find it worth in arriving at the truth of the controversy." Katcher v. Heidenwirth, 254 Iowa 454, 466, 118 N.W.2d 52, 58, 59, 6 A. L. R.3d 1293, citing 31 C. J. S., Evidence, section 304, and several other Iowa cases containing a discussion of the problem which need not be repeated here.

We will say, however, we have serious doubt that there is an inconsistency in the two allegations.

In any event, rejection of the offered pleading was not prejudicial in this instance and we would not reverse on this ground.

III. Plaintiffs moved for a directed verdict against defendant's counterclaim on the ground the undisputed evidence showed defendant failed to keep a proper lookout and was driving at a speed in excess of the 25 m.p.h. speed limit. In their motion for new trial they contend defendant was guilty of contributory negligence as a matter of law; that the submission of defendant's counterclaim to the jury was confusing and misleading and highly prejudicial to them. They argue although there was a jury verdict in their favor on the counterclaim, its submission created an opportunity for the jury to speculate and compromise.

The complaint about excessive speed in this residential district is based on Norma Jean's testimony that when she asked defendant why he hit her car, he replied "I was going a little too fast" and on cross-examination defendant testified, "Just before the collision I was traveling 25 m.p.h." He admitted at the former trial he had testified he was traveling 25 to 30 m.p.h. and that he was not "changing that today. * * * I was watching the road, not my speedometer. I could have been off as much as 5 m.p.h. * * * I estimated my speed at 25 to 30 m.p.h. * * * My speed was 25 to 30 m.p.h. before I put on my brakes. I put on my brakes before the collision." He again admitted that on the former trial he testified "immediately prior to the collision my speed was between 25 and 30 m.p.h."

Plaintiffs contend for the rule announced in Kisling v. Thierman, 214 Iowa 911, 914, 243 N.W. 552, 554, which holds the violation of statutory rules of the road other than what is now section 321.298, Code, 1966, is negligence as a matter of law unless a legal excuse for such violation is shown. Defendant argues there is a contradiction whether he violated the speed statute.

Plaintiffs' remaining complaint under this assignment, defendant's failure to keep a lookout, is also based on testimony by defendant on cross-examination that he had plaintiff's car in view from the railroad overpass as moving traffic, a distance of 800 to 1000 feet; that the first time he saw plaintiff's car was when he was 40 to 50 feet from the car when it was stopped. He admitted there was nothing to prevent him from seeing the car at anytime from the point he came over the bridge; there

was no traffic between his truck and plaintiff's car and he did not see any turn lights or taillights ahead. His hired man testified "I had no difficulty seeing it and the car was perfectly visible, but I don't know how far it was from the point of collision, I just saw it." ..

We have many times announced what a proper lookout means. Among our recent pronouncements are Campbell v. Martin, 257 Iowa 1247, 1251, 136 N.W.2d 508, 511, and citations; Schneider v. Swaney Motor Car Co., 257 Iowa 1177, 1183, 136 N.W.2d 338, 342; Christensen v. Kelley, 257 Iowa 1320, 1325, 135 N.W.2d 510, 513; Cunningham v. Court, 248 Iowa 654, 660, 661, 82 N.W.2d 292, 296.

"The rule in Iowa is firmly fixed that a jury finding against defendant on his counterclaim obviated any prejudice from an alleged error of which plaintiff might otherwise complain [citing cases]. This is particularly true as to a case involving contributory negligence in defendant's counterclaim." Cunningham v. Court, supra, 248 Iowa, at 662, 82 N.W.2d, at 296, 297.

See also Schneider v. Keokuk Gas Service Co., 250 Iowa 37, 39, 92 N.W.2d 439, 440.; Spry v. Lamont, 257 Iowa 321, 325, 326, 132 N.W.2d 446, 449, and citations; Oakes v. Peter Pan Bakers, Inc., 258 Iowa 447, 459, 138 N.W.2d 93, 101, 19 A. L. R.3d 247, subject of annotation beginning at page 258.

This error is apparently assigned in the hope of securing a favorable holding from us upon the point raised in the event of a new trial.

Having determined in Division II, supra, we would not reverse on defendant's appeal, we are not inclined to sustain plaintiffs' first assignment of error.

IV. Plaintiffs in their next assignment of error, overruling various paragraphs of their motion for new trial, contend the jury, although correctly instructed, did not follow the court's instructions in considering Dale's claim and failed to respond truly to the real merits of the controversy. They argue that by their verdict the jury necessarily found defendant was guilty of negligence; since the damages sustained to Dale's vehicle had been stipulated, this left only the question of

proximate cause for their determination, their only alternative being the negligence of Mrs. Clubb was the sole proximate cause; this does not bear up under even a superficial examination of the record. They contend failure of the jury to follow the court's instructions can be attributed, in part, to the improper final argument of defendant's counsel when he suggested to the jury they might return several combinations of verdicts, one being a verdict against all parties; this argument was improper, misleading, confusing and prejudicial to plaintiffs. They suggest the court could have instructed defendant's negligence was a proximate cause as a matter of law.

■ ■ "* *.* Where, as here, the arguments of the complaining party are not preserved, it will be presumed the argument complained of was a legitimate response thereto [citing cases]. * * * Before a new trial will be granted for misconduct in argument it must appear prejudice resulted or a different result could have been probable but for such misconduct." Tilghman v. Chicago & N.W. Ry. Co., 253 Iowa 1339, 1354, 115 N.W.2d 165, 174, and citations.

Generally, questions of proximate cause are for the jury; it is only in exceptional cases that they may be decided as a matter of law. Rule 344(f)(10), Rules of Civil Procedure.

■ "In several recent decisions we have approved this from Restatement, Second, Torts, section 431: 'The actor's negligent conduct is a legal cause of harm to another if (a) his conduct is a substantial factor in bringing about the harm, and (b) there is no rule of law relieving the actor from liability because of the manner in which his negligence has resulted in the harm.'" Davidson v. Cooney, 259 Iowa 1278, 1283, 147 N.W.2d 819, 823.

■ Dale had the burden of proving the damage to his car was proximately caused by defendant's negligence. In the absence of an admission by the adverse party, it is not often proper to tell the jury, in effect, that a party having the burden of proof on any question has established it as a matter of law. Mineke v. Fox, 256 Iowa 256, 263, 126 N.W.2d 918, 921, 922; Bodish v. Fischer, Inc., 257 Iowa 516, 520, 133 N.W.2d 867, 869.

The question remains whether the jury failed to respond truly to the real merits of the controversy, whether their verdict failed to administer substantial justice and whether plaintiffs' received a fair trial.

In ruling upon motions for new trial the trial court has a broad but not unlimited discretion in determining whether the verdict effectuates substantial justice between the parties. Rule 344(f)(3), R. C. P.

■ Dale's claim has been submitted to two juries, both have returned verdicts against him. We are not prepared to say the trial court abused his discretion in refusing to grant a new trial as urged under this assignment.

■ V. Plaintiffs' third assignment of error, overruling paragraphs 5 and 19 of their motion for new trial, is based on instruction 25. There the court defined "sudden emergency" in the language of instruction 5.4 of "Iowa Uniform Jury Instructions" prepared by a special committee of the Iowa State Bar Association. Defendant pleaded the creation of a sudden emergency in his counterclaim. The court did not place the burden of proof of establishing this affirmative defense on defendant as required by our holding in McMaster v. Hutchins, 255 Iowa 39, 45, 120 N.W.2d 509, 512, filed March 12, 1963, nor did he give Uniform Instruction 5.7 issued by the committee March 19, 1963, which places the burden on defendant.

Plaintiffs made this timely objection to the instruction: "There is no evidence * * * to show a sudden emergency except the one created by defendant himself, in that his speed was improper; he was not having a proper lookout; he was following too closely; and he was going at a speed that was not reasonable and proper. And the law has long been that the doctrine of sudden emergency * * * cannot apply to a sudden emergency created by the acts of the defendant himself.

"For the further reason that instruction 25 is not made applicable to either plaintiff or defendant and has no application to any of the evidence or part of the evidence in this case; and that said instruction would be misleading and is not supported by the evidence."

In paragraph 5 of their motion for new trial plaintiffs assert "the evidence shows defendant was not confronted by a sudden emergency and, if such an emergency did exist, it was of his own making."

In paragraph 19 they again attack instruction 25, stating "it was not made applicable to the evidence or to any of the parties, occurrences or facts in this case. * * * The evidence is undisputed that any emergency that confronted the defendant was of his own making and there is no evidence showing any emergency other than the one created by defendant himself."

In their printed brief and argument here plaintiffs assert "there is nothing in the present instruction concerning which party had what burden of proof to establish a sudden emergency." This is the first time failure to instruct on the burden of proof as to sudden emergency is sufficiently raised. Plaintiffs would have been in a much better position had they asserted this contention in their objections to instructions. We are not prepared to say under this record that defendant created any sudden emergency as a matter of law.

A party is not entitled to have considered here a ground of objection to an instruction not timely raised upon the trial. Rule 196, Rules of Civil Procedure; Wagaman v. Ryan, 258 Iowa 1352, 1358, 142 N.W.2d 413, 417; Spry v. Lamont, 257 Iowa 321, 326–331, 132 N.W.2d 446, 449–451; Oakes v. Peter Pan Bakers, Inc., 258 Iowa 447, 456, 138 N.W.2d 93, 99, 10 A. L. R.3d 247.

Plaintiffs' objection to instruction 25 was not sufficient. This assignment of error cannot be sustained.

VI. The action of the trial court in overruling plaintiffs' motion for new trial and defendant's motion for new trial is—Affirmed.

All JUSTICES concur.