In re the MARRIAGE OF Donald
Clarence JOHNSON and
Catherine Sue Johnson.

Upon the Petition of Donald Clarence Johnson, Petitioner-Appellant, And Concerning Catherine Sue Johnson, Respondent-Appellee.

No. 3–66248.

Court of Appeals of Iowa.

Sept. 29, 1981.

---

Daniel E. Williamson, Ida Grove, for petitioner-appellant.

Thomas L. McCullough of McCullough Law Firm, Sac City, for respondent-appellee.

Considered by OXBERGER, C. J., and DONIELSON, SNELL, CARTER, and JOHNSON, JJ.

PER CURIAM.

Petitioner-husband appeals from the trial court's order granting the respondent's motion for a new trial of this dissolution action. We affirm.

A hearing on the parties' dissolution action was held October 29, 1980. The petitioner was present, and he was represented by Daniel Williamson.

The respondent was represented by Thomas Yates, who stated that he had been unable to get in touch with his client, and described his efforts to locate her. He explained to the Court that the respondent was hiding from the petitioner because he had beaten her. She did not know of the hearing date, and therefore was not present at the hearing.

Petitioner's attorney had also attempted to locate the respondent, and stated that he had talked with Janet Cessford of the Department of Social Services, and that the Department had lost track of the respondent. Both attorneys, and the attorney for the children, urged the trial court to proceed. Based on these representations, the Court decided to proceed with the hearing despite respondent's absence, and entered a Decree granting both custody of the parties' minor children and the property of the parties to the petitioner.

The Decree was to be taken to the county sheriff, Don Gebers, to be served upon the respondent personally, and the sheriff was to take the parties' minor children and deliver them to the petitioner.

Within an hour or so after the Decree was filed, the petitioner's attorney gave information to Mr. Gebers as to the respondent's location, so that Mr. Gebers could serve the respondent and pick up the children.

As soon as she learned of the entry of the dissolution decree, the respondent moved for a new trial on the grounds of misconduct by the prevailing party, and accident or surprise which ordinary prudence on her part could not have guarded against.

At the hearing on the motion for a new trial, Thomas McCullough represented the respondent. Mr. Williamson stated that prior to the dissolution hearing, someone from the Social Welfare Department had told him she knew where the respondent was, but would not tell. At the dissolution hearing, Mr. Williamson failed to tell this fact to respondent's attorney and the Court. Instead, he represented that the Department had lost track of the respondent. Mr.

Yates testified that if he had known the respondent could have been located with information supplied by a person from Social Services, he would have subpoenaed the person and had the Court order her to tell.

The sheriff, Don Gebers, testified that Mr. Williamson made two telephone calls, and then told him where to locate the respondent.

At the hearing on the motion for new trial, the same judge presided who had presided over the original dissolution hearing. The judge found that "if petitioner's attorney could locate the respondent for the purpose of having the Decree of Dissolution served almost immediately after it was filed, he could have and should have advised the Court and respondent's counsel of how to learn of her whereabouts. Certainly this Court would not have gone ahead with the hearing had it been able to determine that the respondent actually was only about ten miles away from the courthouse." The Court then vacated the Dissolution Decree, and granted the motion for a new trial.

■ In ruling on a motion for a new trial, the trial court has broad discretion to determine whether the verdict effectuates substantial justice between the parties. Iowa R.App.P. 14(f)(3). This Court is slower to interfere with the grant of a new trial than with its denial. Iowa R.App.P. 14(f)(4). Only when the evidence clearly shows that the trial court abused its discretion will we interfere. *Thomas Truck & Caster Co. v. Buffalo Caster & Wheel Corp.*, 210 N.W.2d 532 (Iowa 1973). Dissolution cases are subject to the Iowa Rules of Civil Procedure, *Shipley v. Shipley*, 182 N.W.2d 125, 128 (1970); Iowa R.Civ.P. 1, and a new trial in a dissolution case may be granted if a party proves he is entitled to one. *In re Marriage of Hitchcock*, 265 N.W.2d 599 (Iowa 1978); *Tollefson v. Tollefson*, 137 Iowa 151, 154, 114 N.W. 631 (1908).

■ Iowa Rule of Civil Procedure 244(b) allows for a new trial if there has been misconduct by the prevailing party. In its order filed December 22, 1980, the trial court found that the petitioner's attorney had stated at the October hearing that the Social Services people would refuse to advise him of the respondent's location. What petitioner's attorney actually said was that the department had "pretty well lost track" of the respondent. The evidence showed the petitioner's attorney knew how to locate the respondent, but told neither the Court nor respondent's attorney, even after respondent's attorney indicated he could not locate his client. The petitioner's attorney allowed the trial to be held without respondent present, even though he knew how to locate her. The trial court did not abuse its discretion in vacating the decree based on such proceedings, and in ordering a new trial.

Finding no error, we affirm.

AFFIRMED.