Helen MILLER and Elmer Miller, Plaintiffs-Appellants,

v.

AMF HARLEY–DAVIDSON MOTOR CO., INC., and Ernie Williams d/b/a Ernie Williams John Deere Lawn and Leisure Center, Defendants-Appellees.

No. 2–66859.

Court of Appeals of Iowa.

Sept. 21, 1982.

Richard Meyer and Harold W. White of Fitzgibbons Brothers, Estherville, for plaintiffs-appellants.

Thomas J. Bice and James L. Kramer of Johnson, Erb, Latham & Gibb, Fort Dodge, for defendants-appellees.

OXBERGER, Chief Judge.

The plaintiffs, Helen and Elmer Miller, were married in 1969. Both had been previously married. In the spring of 1979, the Millers left their home in Burt, Iowa, for a vacation-motorcycle trip to California. While they were riding their Harley-Davidson motorcycle at 55 mph on a highway in Colorado, the cycle suddenly went down, throwing them to the pavement. They were both injured as a result of the fall. It was later determined that the reason for the fall was the fact that the front fender of their motorcycle had fallen off.

Harley-Davidson assumed the defense of the case and its attorney appeared for both defendants. Harley-Davidson admitted liability, and the matter was submitted to the jury to determine the amount of the Millers' damages. Prior to jury selection, the attorney for Harley-Davidson offered to confess judgment for $15,000 for all claims.

Prior to any discovery, Harley-Davidson admitted that Helen and Elmer Miller were husband and wife at the time of the accident and at all subsequent times. On the day of the trial, AMF-Harley-Davidson, which had assumed the defense for Ernie Williams, amended the defendants' answer and again admitted that the plaintiffs were husband and wife.

Liability having been admitted, the case was submitted to the jury on the issue of damages only, with instructions on damages for personal injury, past and future medical expenses; and past and future loss of earning capacity for each plaintiff. The jury was also instructed on loss of consortium, with instructions that the award could not exceed $10,000 for each plaintiff on such loss. The jury was further instructed that a verdict for damages other than loss of consortium could not exceed $75,000 for each plaintiff. The jury awarded general verdicts of $47,891.13 for Helen Miller and $49,339.77 for Elmer Miller.

Some time after the verdict was delivered, one of the jurors heard a rumor that Elmer and Helen were not married. The juror contacted Harley-Davidson's attorney, who determined that there was no record of Elmer Miller's divorce from his first wife, Rose, in California. Consequently, Harley-Davidson moved for a new trial under Iowa Rules of Civil Procedure 244(a), (b), and (g).

In resisting this motion for a new trial, Elmer Miller submitted an affidavit in which he claimed to be legally married to Helen Miller as shown by a certificate of marriage from the state of Nevada issued in 1969. He further stated that he had signed some papers that had been presented to him by Rose Miller, his first wife, who had told him that they were divorce papers and that his signature would dissolve their marriage. Elmer signed the papers, paid Rose's attorney, and thereafter paid her $300 per month for child support until 1968, when he obtained custody. Elmer further affirmed that he had not been represented by counsel in the dissolution proceedings. He admitted that some years following these events, Rose Miller, who had been treated as a mental patient, had told him that she had never completed the dissolution. When he discussed this with his Iowa legal counsel, he was advised "not to worry about it" and to "forget it." Following his marriage to Helen Miller on February 16, 1969, he lived together with her as husband and wife, filed joint income tax returns as

husband and wife with her, assumed responsibility for her debts as she did for his, and supported her as she did him by way of contributions from their earnings toward their common welfare. Elmer stated that it was his understanding and belief that he was divorced from Rose Miller, that he believed that he and Helen were husband and wife, and that he had no reason to suppose that they were not married.

Harley-Davidson argues that Helen and Elmer are guilty of serious misconduct because they allegedly misled the defendants and the court by referring to one another as husband and wife and by claiming under oath that they were validly married. Harley-Davidson contends that Elmer "failed to tell the whole truth," and "may have deliberately told a mistruth" when he swore that he was validly married to Helen. Because of the alleged misconduct of Helen and Elmer in "concealing the invalidity of their marriage" and the lack of a divorce between Elmer and Rose Miller, Harley-Davidson contends that a new trial is warranted.

In sustaining Harley-Davidson's motion that the judgment be vacated and ordering a new trial, the trial court found that there was a record of a marriage between Elmer and Helen Miller in Las Vegas, Nevada, on February 16, 1969, but reasoned that if there were no valid divorce, Elmer could not legally have entered into a valid marriage with Helen. The court concluded that the lack of a valid marriage would preclude either Helen or Elmer from recovering from the loss of the other's consortium. The court concluded further that this evidence that there may not have been a valid marriage between Elmer and Helen was material evidence that had been discovered after trial, which could not with reasonable diligence have been discovered at the trial, and which therefore warranted the grant of a new trial.

The principal question is whether the trial court abused its discretion in granting a new trial. In determining whether it did, we must determine (1) whether there was a substantial question as to the validity of

Elmer's second marriage; (2) whether Harley-Davidson was bound by its admission in its answer to the pleadings; (3) whether the evidence upon which Harley-Davidson based its motion to amend and its motion for a new trial was such that it could have been discovered before the trial; and (4) whether the Millers committed misconduct or fraud upon the court. We reverse and reinstate the jury's verdict.

## I.  Scope of Review

■  In ruling on a motion for a new trial, the trial court has broad discretion to determine whether the verdict effectuates substantial justice between the parties. Iowa R.App.P. 14(f)(3). This court is slower to interfere with the grant of a new trial than with its denial. Iowa R.App.P. 14(f)(4). But where the evidence clearly shows that the trial court abused its discretion, we will interfere. *Thomas Truck and Caster Co. v. Buffalo Caster & Wheel Corp.,* 210 N.W.2d 532 (Iowa 1973); *In re Marriage of Johnson,* 311 N.W.2d 697 (Iowa Ct.App.1981).

## II.  Validity of the Marriage

■  It is generally accepted by the court that a marriage in fact is presumed to be valid. Although this presumption is rebuttable, it is one of the strongest known to the law. *Eygabrood v. Gruis,* 247 Iowa 1346, 1348, 79 N.W.2d 215, 217 (1956). The rule in Iowa is that where there are supposedly conflicting marriages of the same spouse, "the presumption of validity operates in favor of the second marriage, and the party attacking the second marriage has the burden of proving its invalidity and of showing a valid prior marriage; and where a valid prior marriage is shown, it is presumed to have been dissolved by divorce or death so that the attacking party has the burden of adducing evidence to the contrary." *In re Estate of Weems,* 258 Iowa 711, 715, 139 N.W.2d 922, 924 (1966). This is so whenever there are facts consisting of acts or conduct of both parties upon which the presumption can be legitimately founded. Although the presumption is rebut-

table, "the evidence to overcome that presumption must be strong and persuasive." *Id.*

■ The mere fact that the attorneys for Harley-Davidson have been unable to find evidence of a valid divorce between Rose and Elmer Miller in California is not sufficient to overcome the strong presumption of the validity of the marriage of Helen and Elmer Miller. It is quite possible, for example, that Rose Miller completed her divorce action in some other state. Or she might have gone to Mexico or to some other country for her divorce. Furthermore, it is conceivable that a more diligent search through the records of the state of California might turn up evidence of that divorce. Even if no evidence of a California divorce can be produced, that in itself is not sufficient to overcome the strong presumption in favor of the second marriage. This is particularly true when the parties have lived as husband and wife in the state of Iowa over a period of many years, and have comported themselves in every way consistently with their status as married persons. We conclude therefore that there is no substantial question as to the validity of Elmer Miller's second marriage.

### III. The Admission in the Pleadings

■ Harley-Davidson admitted in its answer to the plaintiffs' petition that Elmer and Helen Miller were at all times material, husband and wife, and persisted in that admission in its amendment to answer. A party cannot take a position contradictory to or inconsistent with his pleadings, and the facts that are admitted by the pleadings are to be taken as true against the pleader, whether or not they are offered as evidence. Admissions in the pleadings may render proof of the admitted facts unnecessary or render proof contradicting them inadmissible. If countervailing evidence, either through inadvertence or the passive consent of the parties, is admitted, it is entitled to no consideration. *Hanson v. Lassek,* 261 Iowa 707, 710–11, 154 N.W.2d 871, 873 (Iowa 1968).

■ Citing *Hanson* and *Long v. McAllister,* 319 N.W.2d 256, 258 (Iowa 1982), the supreme court recently said:

> The rule is well settled that admissions in the pleadings, if not amended or withdrawn, stand as conclusive proof of the admitted facts. The party making them is bound thereby. No evidence is needed to establish them.

*Smith v. Bitter,* 319 N.W.2d 196 (Iowa 1982).

■ Defendant AMF Harley-Davidson, Inc., admitted in its answer to the pleadings that Helen and Elmer Miller were husband and wife at the time of the accident and at all times since. Just before the trial, defendants' answer to plaintiffs' amended petition denied all *new* allegations contained in that amended petition. That Helen and Elmer were husband and wife was not a new allegation, since it had been alleged in the original petition. Therefore, defendants' denial does not apply to the allegation at issue here.

Harley-Davidson contends that under the doctrine enunciated in *Clubb v. Osborn,* 260 Iowa 223, 149 N.W.2d 318 (Iowa 1967), once a pleading is withdrawn, the portion removed is not to be considered a judicial admission because it has disappeared from the record. We disagree. *Clubb* dealt with the emendation or withdrawal of pleadings prior to or during a trial. We are dealing here with an attempt to amend or withdraw following the jury's rendering of a verdict. Consequently, *Clubb* is not apposite, and Harley-Davidson was bound by its answer to the pleadings, in accordance with the rule enunciated in *Hanson, Long,* and *Smith.* Hence, as far as Harley-Davidson was concerned, in the absence of fraud upon the court, that admission had to be regarded by the trial court as conclusive proof of the fact that Helen and Elmer Miller were husband and wife at all times material.

We take note of the fact that the other defendant, Ernie Williams, did not make a comparable admission in his answer to the pleadings and therefore, as regards him, this division of our opinion does not apply.

## IV. Discoverability of the Evidence

In *Yoder v. Iowa Power & Light Co.,* 215 N.W.2d 328, 334 (Iowa 1974), the supreme court set forth four requirements, each of which a movant must satisfy in order to obtain a new trial on the basis of newly discovered evidence:

(1) the evidence was discovered following trial;

(2) the evidence was such that it could not have been discovered before conclusion of the trial in the exercise of diligence;

(3) the evidence must be material and not merely cumulative or impeaching; and

(4) such evidence would probably change the result if a new trial were granted.

Harley-Davidson called the California Bureau of Vital Statistics after the trial to investigate the California marriage records in order to determine whether there was a record of Elmer Miller's divorce. This inquiry could have been made prior to or during the trial. The evidence was easily discoverable, and as such, cannot be the basis of a new trial. *Yoder* at 334–35; *Kalianor v. Darland,* 252 N.W.2d 732, 738 (Iowa 1977). Thus, Harley-Davidson failed to meet the third requirement of *Yoder.*

Finally, even if the new evidence offered by Harley-Davidson were admitted, it was not sufficient to overcome the presumption of the validity of Elmer's marriage to Helen, as we have discussed in Division II of this opinion. Consequently, Harley-Davidson has failed to meet the fourth requirement of *Yoder.*

## V. Misconduct or Fraud upon the Court

Under Iowa Rule of Civil Procedure 252(b), a court may modify or vacate a final judgment because of irregularity or fraud practiced upon the court. Where fraud is asserted as the ground for vacating a judgment, it "must be extrinsic fraud or collateral to the matter directly involved in the original case." *Sorenson v. Sorenson,* 254 Iowa 817, 825, 119 N.W.2d 129, 134 (1963). "Extrinsic fraud is some act or conduct of the prevailing party which has prevented a fair submission of the controversy. It includes lulling a party into a false sense of security or preventing him from making a defense." *In re Marriage of Short,* 263 N.W.2d 720, 723 (Iowa 1978). *See also In re Marriage of Bauder,* 316 N.W.2d 697, 699 (Iowa Ct.App.1981).

Such a finding would be justified only by the most egregious misconduct and would have to be supported by clear, unequivocal and convincing evidence. At the very least, it would require a showing of fault, willfulness, or bad faith far more substantial than presented here. *See Pfizer, Inc. v. International Rectifier Corp.,* 538 F.2d 180, 195 (8th Cir.1976); *In re Marriage of Johnson,* 311 N.W.2d 697 (Iowa Ct.App. 1981).

The conclusion that Elmer and Helen deliberately misled the court and the defendants cannot be sustained on the evidence presently available. It is clear that Elmer and Helen sincerely believed that their marriage was valid. Neither of them had substantial evidence that would lead them to conclude otherwise. It is both natural and reasonable for people who believe themselves to be married to testify to that effect under oath. Even if either of them was mistaken in this regard, that mistaken belief would constitute an excuse for the mistaken testimony, and such testimony would then not constitute misconduct, much less fraud on the court.

We conclude, therefore, that for each of the reasons enumerated above, the trial court abused its discretion in granting a new trial. There was no substantial question as to the validity of Elmer's second marriage, and even if there was, Harley-Davidson was barred by its admissions prior to and during the trial from raising the question, since in the absence of fraud upon the court, it would have been conclusively presumed, at least as to Harley-Davidson. Furthermore, even if the defendants could succeed in overcoming the presumption of the validity of Elmer's second marriage, the evidence upon which they relied in moving

for a new trial and an amendment to their pleadings was discoverable prior to the trial, and should not have been admitted after the jury had announced its verdict. Finally, the trial court was not justified in granting the motion for a new trial on the basis of misconduct or fraud upon the court, since the alleged misconduct or fraud was not that at all, but an honest and sincere statement as to the reasonable beliefs of the parties.

We therefore conclude that the trial court erred in vacating the judgment and granting a new trial. Consequently, we reverse and reinstate the judgment.

REVERSED.