# IN THE COURT OF APPEALS OF IOWA

No. 20-0213
Filed February 17, 2021

IN RE THE MARRIAGE OF JEREMY DANIEL FOX
AND GINA MARIE FOX

Upon the Petition of
JEREMY DANIEL FOX,
  Petitioner-Appellee,

And Concerning
GINA MARIE FOX,
  Respondent-Appellant.
_____

  Appeal from the Iowa District Court for Scott County, Mark D. Cleve, Judge.


  Gina Fox appeals the order modifying the child custody and support provisions of the decree dissolving her marriage to Jeremy Fox. **AFFIRMED.**


  Michael E. Motto of Bush, Motto, Creen, Koury & Halligan, P.L.C., Davenport, for appellant.

  Catherine Z. Cartee of Cartee Law Firm, P.C., Davenport, for appellee.


  Considered by Doyle, P.J., and Tabor and Ahlers, JJ.

**DOYLE, Presiding Judge.**

Gina Fox appeals the order modifying the child custody and support provisions of the decree dissolving her marriage to Jeremy Fox. The August 2017 decree incorporated the parties' stipulation to joint physical care of their daughter, born in 2012. Jeremy petitioned to modify the decree in December 2018, seeking physical care of the child. Gina filed an answer and counterclaim for physical care. After a trial in November 2019, the court modified the decree to grant Jeremy physical care and ordered Gina to pay child support.

We review modifications of child custody de novo. *See In re Marriage of Harris*, 877 N.W.2d 434, 440 (Iowa Ct. App. 2020). The district court's fact findings do not bind us, but we give them weight, especially when they involve witness credibility. *See Thorpe v. Hostetler*, 949 N.W.2d 1, 5 (Iowa Ct. App. 2020). The burden is on the party seeking modification to prove that a substantial change in circumstances has occurred since the decree's entry and that modification is in the child's best interests. *See Harris*, 877 N.W.2d at 440. If a substantial change in circumstances has occurred, the court may modify custody only if the party seeking modification proves an ability to minister more effectively to the child's well-being. *See id.*

Gina first contends Jeremy failed to prove a substantial change in circumstances has occurred that warrants modifying physical care of their child. But her counterclaim, which alleges she and Jeremy are no longer able to effectively co-parent because of a breakdown in communication between them, undermines her argument. "A party cannot take a position contradictory to or inconsistent with [the] pleadings, and the facts that are admitted by the pleadings

are to be taken as true against the pleader, whether or not they are offered as evidence." *Beyer v. Todd*, 601 N.W.2d 35, 41 (Iowa 1999) (alteration in original) (quoting *Miller v. AMF Harley–Davidson Motor Co.*, 328 N.W.2d 348, 352 (Iowa App.1982)). By Gina's own admission, the parties are unable to co-parent, which establishes a substantial change in circumstances. *Harris*, 877 N.W.2d at 441 (noting Iowa courts have modified joint physical custody "when the parents simply 'cannot cooperate or communicate in dealing with their children'" (citation omitted)).

Gina also contends Jeremy failed to prove an ability to minister more effectively to the child's well-being. We disagree. Though Gina and Jeremy have both acted as physical caretakers to the child, the record shows that Jeremy can offer superior care. The record shows that since the parties' divorce, Gina's alcohol and drug use has increased. While helping remodel Gina's bathroom in April 2018, Jeremy found and photographed bottles of prescription narcotics, including a bottle of fentanyl. As a result, in November 2018, Gina's employer fired her from her job as a nurse at a hospital on reasonable suspicion of diverting narcotics. In the same month, Gina tested positive for cannabinoids, which led the Iowa Board of Nursing to issue her a citation for unauthorized use of a controlled substance, and a warning that future violations may result in disciplinary action. The record also shows that Gina used alcohol while caring for the child and while driving the child from and to school.

Gina responds to the evidence of her alcohol and drug use by implying that Jeremy fabricates or exaggerates his claims, painting him as someone who documents her alleged misdeeds in a manner calculated to make her look bad.

But the district court repeatedly found Jeremy's evidence more credible. Considering the court's superior ability to view the witnesses and assess credibility, we give weight to the court's credibility findings. *See In re Marriage of Vrban*, 359 N.W.2d 420, 423 (Iowa 1984) (stating that because appellate courts "must rely on the printed record in evaluating the evidence" and are "denied the impression created by the demeanor" of the witnesses, there is "good reason for us to pay very close attention to the trial court's assessment of the credibility of witnesses").

Since the divorce, Gina has been engaged in much conflict. Jeremy testified that Gina has caused trouble by threatening school officials and those running the child's extracurricular activities. Gina has caused a scene during custody exchanges. And a 2019 report from the child's therapist documents concerning behavior at the child's therapy sessions, observing: "In sessions with Gina present, Gina wanted to be sure that 'her attendance at therapy was on record.' . . . It was disturbing as to how negatively she discussed [Jeremy] in [the child]'s presence." The same report notes how much the tension between Gina and Jeremy bothers the child, stating that the child "appears to be very much disturbed and negatively affected by the conflict between her parents."

The evidence shows Jeremy is more mature, stable, and better positioned to act in the child's best interests as her physical caretaker. We affirm the order modifying the decree to place the child in Jeremy's physical care.

**AFFIRMED.**